522 A.2d 191

Cyril E. Sagan, in behalf of Registered Voters of the Commonwealth, Petitioner *v.* Pennsylvania Public Television Network and Robert A. Gleason, Secretary of the Commonwealth and Legree S. Daniels, Commissioner of Elections, Respondents.

Submitted on briefs January 5, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Cyril E. Sagan,* petitioner, for himself, et al.

*Joseph S. Sabadish,* Deputy Attorney General, with him, *Andrew S. Gordon,* Chief Deputy Attorney General, Chief, Litigation Section, for respondents.

PER CURIAM, March 13, 1987:

Petitioner, Cyril E. Sagan, commenced an action in our original jurisdiction[1] against the respondents[2] on

---

[1] 42 Pa. C. S. §761.

[2] The named respondents are the Pennsylvania Public Television Network (PPTN); Robert A. Gleason, Secretary of the Commonwealth; and Legree S. Daniels, Commissioner of Elections.

behalf of himself and "the registered voters of the Commonwealth." Sagan contends in his suit that the respondents violated federal and state statutory and constitutional provisions when he was excluded from a televised debate of candidates for the Democratic nomination for the United States Senate in the May 20, 1986 primary election which was aired over public television stations on May 13, 1986.[3] In his suit, he seeks both injunctive relief and monetary damages. The respondents have filed preliminary objections challenging this Court's jurisdiction, service, standing, and a demurrer. It is the respondents' preliminary objections which are before the Court at this time.

We address first the respondents' objection to our jurisdiction over this matter. Viewing Sagan's complaint, we are constrained to agree with respondents that his complaint is based upon the respondents' alleged violation of the "equal time" and "fairness" doctrines of Section 315 of the Communications Act of 1934, 47 U.S.C. §315. Sagan alleges he was damaged, as were the voters of the Commonwealth, by his exclusion from the Democratic Senatorial debate on May 13, 1986. The law is clear that violations of the "equal time" or "fairness" doctrines of 47 U.S.C. §315(a) are exclusively within the jurisdiction of the Federal Communications Commission (FCC). *See Ahmad v. Levy,* 414 F. Supp. 597 (E.D. Pa. 1976); *Ackerman v. Columbia Broadcasting System, Inc.,* 301 F. Supp. 628 (S.D.N.Y. 1969). Section 315 creates no private rights nor authorizes any suits for damages for its violation. The sole function of the judiciary is to review final orders of the FCC in accordance with the statutory scheme. *Ackerman,* 301 F. Supp. at 631. Therefore, this Court is without jurisdiction to en-

---

[3] The televised debate was between United States Representative Robert Edgar and Pennsylvania Auditor General Don Bailey.

tertain Sagan's claim based on an alleged violation of 47 U.S.C. §315.

Sagan's attempt to characterize Pennsylvania Public Television Network's (PPTN's) debate between the two prime Democratic Senatorial candidates as a "political contribution" is unpersuasive. The PPTN Democratic Senatorial Debate clearly falls within the exemption from the equal time doctrine for on-the-spot coverage of a bona fide news event since the debate was broadcast for its newsworthiness and was not intended to advance the candidacy of any one individual candidate. *See Chisholm v. FCC,* 538 F.2d 349 (D.C. Cir. 1976), *cert. denied,* 429 U.S. 890 (1976). As such, the PPTN debate can in no way be construed as a political contribution of free television air time as Sagan contends. Thus viewed, Sagan's basic complaint, after all of his obfuscations are stripped away, is with the scope of the "equal time" and "fairness" doctrines embodied in 47 U.S.C. §315(a). We must, therefore, sustain the respondents' preliminary objection as to our jurisdiction and dismiss Sagan's complaint.

In view of our determination that we lack jurisdiction over this matter, we need not reach the respondents' remaining preliminary objections.

## Per Curiam Order

Now, March 13, 1987, upon consideration of the Preliminary Objections of the Respondents, the Preliminary Objection challenging this Court's jurisdiction is sustained and Petitioner's complaint is dismissed.

Judge PALLADINO recuses.